DETROIT FREE PRESS, INC v CITY OF SOUTHFIELD

Docket Nos. 260083, 260639. Submitted November 16, 2005, at Detroit. Decided December 20, 2005, at 9:05 a.m. Leave to appeal denied, 475 Mich ___.

Detroit Free Press, Inc., brought an action in the Wayne Circuit Court against the city of Southfield and certain public employee retirement systems in Southfield, Ann Arbor, Taylor, and Westland, seeking orders requiring disclosure of information requested under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, and denied by the city and the retirement systems, relating to the names of recipients of and the amounts of the highest twenty retirement payouts for fire department and police department retirees for each municipality. The court, Warfield Moore, Jr., J., granted summary disposition for the plaintiff against each of the defendants. The city of Southfield, which supplied the information for the fire department pensions but refused to supply the names of recipients for the police department pensions, appealed by right, and the retirement systems appealed by leave granted.

The Court of Appeals *held*:

The circuit court did not err in concluding that the names of police officers and their corresponding pension amounts were subject to disclosure under the FOIA.

1. The defendant retirement systems did not challenge the allegation that they possess the public documents that contain the requested information; rather they argued that the information is exempt from disclosure under MCL 15.243(1)(a), which exempts from disclosure personal information if public disclosure would constitute a clearly unwarranted invasion of an individual's privacy. In this case, the names of pension recipients who were police officers and their pension amounts are not information of a personal nature relating solely to private assets or personal decisions. Records are not automatically exempt under 15.243(1)(a) merely because they contain information about private assets, but the court must weigh whether to exempt the private information in public records as it relates to an individual's private life according to community standards, customs, and views. The pension amounts in this case reflect specific govern-

mental decisions relating to the precise nature of the expenditure of public money, and they are not a private fact.

2. The defendants failed to meet their common burden of justifying nondisclosure. MCL 15.243(1)(s) provides a list of information that is exemptible from disclosure when the public interest in disclosure does not outweigh the public interest in nondisclosure. Because the police recipients are retired, the requested information is not exemptible from disclosure under MCL 15.243(1)(s)(viii) as identification of law enforcement officers. The defendants have failed to provide any evidence that the information requested only exists in each retiree's individual personnel record, so the information is not exemptible as personnel records under MCL 15.243(1)(s)(ix). Even if those exceptions did apply, the circuit court did not err in concluding that disclosure is appropriate after weighing the value of public disclosure against a speculative litany of calamities that might befall a retired officer merely because the officer's pension is known publicly.

3. The FOIA does not require a public body to compile a summary report or create a new public record. MCL 15.233(4), (5). The plaintiff's request did not require the city of Southfield to compile a summary report or create a new public record. The request could have been satisfied by allowing the plaintiff access to, or providing copies of, redacted records that contained only the requested information.

4. Southfield failed to demonstrate a genuine issue of fact that it lacked the ability to produce the records. Even if Southfield and its retirement system are separate entities and the retirement system may be considered a public body under the FOIA, because the city could produce the records, it may not deny the request for information on the basis that it preferred the plaintiff to direct its FOIA request to the retirement system.

5. The plaintiff prevailed against Southfield and was entitled to attorney fees, costs, and disbursements. MCL 15.240(6) requires the court to award reasonable attorney fees, costs, and disbursements to a requesting party who prevails. The city's preference that the plaintiff should request the information from the city's retirement system does not override the fact that the city had the information that it denied to the plaintiff. The plaintiff's court action was reasonably necessary to compel the disclosure and the action had the substantial causative effect of delivery of the information to the plaintiff.

6. Even though there was no formal request for information filed with Southfield's police and fire retirement system, the system's preemptive denial of the information by a letter to the

plaintiff constituted a final determination on the request, MCL 15.240(1), so the plaintiff was entitled to bring an action against the retirement system as well as against the city, MCL 15.240(1)(b), and was entitled to attorney fees when it prevailed, MCL 15.240(6).

7. The corporate plaintiff had standing to bring the action seeking disclosure of public records. Although the FOIA provides that a person has a right to inspect, copy, or receive public records upon providing a written request to the FOIA coordinator of the public body, MCL 15.233(1) and 15.235(1), the FOIA defines "person" to include individuals, corporations, and other legal entities, MCL 15.232(c). The requesting individual was the Lansing bureau chief for the plaintiff and used the newspaper's letterhead for the request.

8. The federal Freedom of Information Act, 5 USC 551 *et seq.*, is not applicable to this case because it relates to the public's access to the records of federal agencies, not state agencies, so it does not particularly exempt the city's records from disclosure.

Affirmed.

SAAD, J., dissenting, stated that, while the public has the right under the FOIA to documents that show how much public money was spent on pensions for public employees, the FOIA does not require disclosure of documents that reveal how much any specifically identified individual receives in annual pension payments. The purpose of the FOIA is to show how government operates, in this case to show how each government spends public money on pensions. This is accomplished by showing the amount of tax dollars the government entity contributed, not the amount now paid to select retirees, which would be a clearly unwarranted invasion of privacy. In this case, the Court should protect the requested personal financial information from disclosure on the grounds of privacy, as it has done in the past. A more limited ruling, requiring the disclosure of what the government contributed toward a retiree's pension rather than what the retiree receives, would serve both the interests of the public and privacy.

1. RECORDS — FREEDOM OF INFORMATION ACT — PRIVACY EXEMPTION — PUBLICLY FUNDED PENSIONS — RECIPIENT NAMES — PENSION AMOUNTS.

The names of recipients of publicly funded, defined benefit pensions from municipalities and the amounts received are not information of a personal nature relating solely to private assets or personal decisions and are not automatically exempt from disclosure under the Freedom of Information Act (MCL 15.243[1][a]).

2. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — PUBLICLY FUNDED PENSIONS — POLICE RETIREES.

The names of retired law enforcement officers are not exemptible from disclosure pursuant to the Freedom of Information Act as identifying them as law enforcement officers or as disclosing personnel records of law enforcement agencies where they are sought from a municipality or its retirement system and it is not established that the information only exists in each retiree's personnel records (MCL 15.243[1][s][viii], 15.243[1][s][ix]).

3. RECORDS — FREEDOM OF INFORMATION ACT — ACTIONS.

A plaintiff in an action to compel the disclosure of information pursuant to the Freedom of Information Act has prevailed and is entitled to reimbursement of reasonable attorney fees, costs, and disbursements where the plaintiff's court action was reasonably necessary to compel the disclosure and the action had the substantial causative effect of delivery of the information to the plaintiff (MCL 15.240[6]).

4. RECORDS — FREEDOM OF INFORMATION ACT — STANDING — PERSONS — CORPORATIONS.

The Freedom of Information Act provides that a person has a right to inspect, copy, or receive public records upon providing a written request to the Freedom of Information Act coordinator of the public body, and the act provides that a person denied such disclosure has standing to bring an action in court to compel disclosure; such a "person" is defined in the statute to include individuals, corporations, and other legal entities (MCL 15.232[c], 15.233[1], 15.235[1]).

*Honigan Miller Schwartz & Cohn* (by *Herschel P. Fink* and *Cameron J. Evans*) for Detroit Free Press, Inc.

*Cummings, McClorey, Davis & Acho, P.C.* (by *T. Joseph Seward* and *Donna A. Heiser*), for the city of Southfield.

*VanOverbeke, Michaud & Timmony, P.C.* (by *Michael J. VanOverbeke* and *Jack Timmony*), for the City of Southfield Fire and Police Retirement System, City of Ann Arbor Employees' Retirement System, City of

Taylor Police and Fire Retirement Board, and City of Westland Police and Fire Retirement Board.

Before: WHITBECK, C.J., and SAAD and O'CONNELL, JJ.

O'CONNELL, J. In this case involving Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, defendant city of Southfield appeals by right an order granting summary disposition in favor of plaintiff Detroit Free Press, Inc., against defendants. The remaining defendant retirement systems appeal the same order by leave granted. Defendants present overlapping arguments challenging the trial court's ruling that each defendant violated the FOIA by refusing to disclose the names and corresponding pension income amounts of the "top twenty" police and fire fighter pension recipients from each public body. We affirm.

In January 2004, plaintiff's Lansing Bureau Chief, Chris Christoff, sent a letter to defendant city of Southfield that requested

> a list of the individuals who receive the 20 largest pension payouts from the City of Southfield's general employee and police and fire retirement systems.
>
> Please include the names of 20 top current pension recipients of each retirement system, the amount of their pension benefits and information showing how individual pensions are calculated.

Christoff apparently never sent an FOIA request to the city's retirement system. The city, upon receiving Christoff's request, informed Christoff that it should have been submitted directly to defendant City of Southfield Fire and Police Retirement System's board of trustees. Nevertheless, the city eventually released information to Christoff. In its correspondence, the city noted that "a list of individuals who receive the 20

largest pension payouts, etc." did not exist. The city
further stated, however, that it had compiled the infor-
mation Christoff requested and created the lists. In the
listed information disclosed, the city provided the
names of retired fire department employees along with
their pension amounts, but it did not provide the names
of any police department retirees. Instead, it provided
the current "top twenty" pension incomes with the
former rank of the retired officer who received each
income. In its reply, the city stated that it considered
the release of the names of police officers exempt under
MCL 15.243(1)(s)(ix), because their release would dis-
close information from personnel records of law en-
forcement agencies. The Southfield Fire and Police
Retirement System later sent a separate letter noting
that it had been belatedly advised of the actions taken
by the city. The letter explained that it objected to the
city's release of the information, and that plaintiff
should send future requests for retirement information
directly to the system.

Around the same time, plaintiff sent requests for the
same information to the other defendant police and fire
fighter retirement systems. In each case, plaintiff re-
ceived a similar response—a list of ranks and their
corresponding pension incomes, but no names. Plaintiff
sued to compel the release of the retirees' names with
their corresponding pension incomes, and the trial
court granted summary disposition in its favor.

Defendants argue that the trial court erred in con-
cluding that the names of the police officers and their
corresponding pension incomes were subject to disclo-
sure under the FOIA. We reject defendants' arguments.
We review de novo a trial court's decision to grant
summary disposition, *Maiden v Rozwood*, 461 Mich
109, 118; 597 NW2d 817 (1999) Under the FOIA, an

individual has the right to inspect, copy, or receive copies of a public record after providing the public body's FOIA coordinator with a "written request that describes a public record sufficiently to enable the public body to find the public record . . . ." MCL 15.233(1). The request need not specifically describe the records containing the sought information; rather, a request for information contained in the records will suffice. *Herald Co v Bay City*, 463 Mich 111, 122; 614 NW2d 873 (2000). The FOIA defines a "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e). In response to an FOIA request, however, the public body is not generally required to make a compilation, summary, or report of information, nor is it generally required to create a new public record. MCL 15.233(4), (5). If a public body denies an FOIA request because it claims that a record does not exist, the public body must send written notice including a "certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body . . . ." MCL 15.235(4)(b). In court, the burden is on the public body to justify its denial. MCL 15.240(4); *MacKenzie v Wales Twp*, 247 Mich App 124, 128; 635 NW2d 335 (2001).

Consistent with the FOIA's underlying policies, a public body is required to grant full disclosure of its records, unless they are specifically exempt under MCL 15.243. MCL 15.231; *Herald Co, supra* at 118-119. Courts narrowly construe any claimed exemption and place the burden of proving its applicability on the public body asserting it. *Herald Co, supra* at 119; MCL 15.240(4).

Defendant retirement systems do not challenge the allegation that they possess public documents that contain the requested information; rather, they argue that the information is exempt from disclosure. Specifically, they argue that MCL 15.243(1)(a) applies. This subsection exempts disclosure of personal information if public disclosure would constitute a clearly unwarranted invasion of an individual's privacy. *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 293; 565 NW2d 650 (1997). Information is of a personal nature if it "reveals intimate or embarrassing details of an individual's private life" according to the moral standards, customs, and views of the community. *Id.* at 294. Determining whether the disclosure of such information would constitute a clearly unwarranted invasion of privacy requires a court to balance the public interest in disclosure against the interest the Legislature intended the exemption to protect. *Mager v Dep't of State Police*, 460 Mich 134, 144-145; 595 NW2d 142 (1999). The only relevant public interest is the extent to which disclosure would serve the core purpose of the FOIA, which is to facilitate citizens' ability to be informed about the decisions and priorities of their government. *Id.* at 145-146. This interest is best served through information about the workings of government or information concerning whether a public body is performing its core function. *Id.* at 146.

Regarding the first prong, the names of pension recipients combined with their pension amounts is not information of a personal nature. The information does not solely relate to private assets or personal decisions. See, e.g., *Stone Street Capital, Inc v Bureau of State Lottery*, 263 Mich App 683, 692-693; 689 NW2d 541 (2004) (upholding a decision not to disclose the names, addresses, and other personal information of assignees of lottery winnings); *Mager, supra* at 143-144 (holding

that registered handgun owners' names and addresses were personal because purchasing a handgun is a controversial, personal decision that could expose gun owners to malicious acts). Rather, the pension amounts reflect specific governmental decisions regarding retirees' continuing compensation for public service. Therefore, the pension amounts are more comparable to public salaries than to private assets. See *Penokie v Michigan Technological Univ*, 93 Mich App 650, 663; 287 NW2d 304 (1979), disapproved in part on other grounds in *State Employees Ass'n v Dep't of Mgt & Budget*, 428 Mich 104, 117 n 15; 404 NW2d 606 (1987) (CAVANAGH, J.). In *Penokie, supra* at 663, we stated that the disclosure of the names and salaries of university employees would not "thwart the apparent purpose of the exemption to protect against the highly offensive public scrutiny of totally private personal details. The precise manner of expenditure of public funds is simply not a private fact."

Defendants argue that the information is exempt in this case though because the pensions are drawn from "private" trust assets. We disagree. Records are not automatically exempt under the FOIA merely because they contain information about private assets. Rather, if private information is included in the records of a public body, the court must determine whether the information is exempt because it relates to an individual's "private life" according to the community standards, customs, and views. *Bradley, supra* at 294. Here, the "private" trust is primarily funded with public money, so defendants may not hide behind the trust's status as a private entity. Although we agree with defendants that the analysis might be different if the retirees' benefits were maintained in individually managed accounts such as individual retirement accounts (IRAs), defendants presented no evidence that the in-

formation requested by plaintiff involves such personal accounts. Rather, the evidence suggests that the pensions represent mathematical application of specific, quantifiable rates to general employment circumstances.[1] For example, the plans generally calculated annual pension incomes by multiplying the number of years served by a negotiated percentage of the retiree's average salary over a few, selected years. Although the plans may also consider unused vacation time or other criteria, plaintiff did not request records of each retiree's individual decisions, so the personal privacy of each retiree remains inviolate. Only the retirees' publicly funded benefits, and the political decisions underlying them, are left open to public scrutiny.

Accordingly, the pension amounts do not constitute personal information because "[t]he precise manner of expenditure of public funds is simply not a private fact." *Penokie, supra* at 663. It goes without saying that private information can be inextricably linked to an individual's public life, which is why our Supreme Court held that a list including the "names, current job titles, cities of residence and age of the seven final candidates for the job of Bay City fire chief" was not personal information. *Herald Co, supra* at 120, 125. Similarly, the retirees' publicly funded pensions—like their previous salaries—are of interest to the public, and only through disclosure can the public expect to prevent abuse. Having found that the pension amounts do not constitute personal information, we need not address whether their disclosure would be a clearly unwarranted invasion of privacy. *Bradley, supra* at 294.

---

[1] This indicates that defendants' retirement plans are defined benefit plans rather than defined contribution plans. We note that if a defined contribution plan were at issue, our analysis and result would be substantially different.

However, we note that a public official has no reasonable expectation of privacy in an expense the public bears to pay for income or any other benefit. We have consistently upheld the disclosure of publicly funded incomes and other benefits for more than 25 years. *Penokie, supra* at 663-664. Moreover, defendants conceded below that this information was otherwise available at open meetings in which pension decisions were made, and the formula for calculating pension benefits was also subject to disclosure. Therefore, the disclosure of a retiree's name and pension income does not constitute an unwarranted invasion of the retiree's privacy.

Defendants also argue that the retired police officers' names should be exempt because the information would either identify law enforcement officers, MCL 15.243(1)(s)(viii), or disclose the personnel records of law enforcement agencies, MCL 15.243(1)(s)(ix).[2] The overarching subsection, MCL 15.243(1)(s), conditionally exempts from disclosure these relevant categories of records as follows:

> Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:
>
> *   *   *
>
> (viii) Identify or provide a means of identifying a person as a law enforcement officer, agent, or informer.
>
> (ix) Disclose personnel records of law enforcement agencies.

As the statute indicates, a record that falls within one of these categories is not automatically exempt from dis-

---

[2] We note our reluctance to categorize defendants as "law enforcement" agencies, which are the only agencies that may claim these exemptions, but our ultimate conclusion does not require us to reach this issue.

closure. *Landry v Dearborn*, 259 Mich App 416, 424; 674 NW2d 697 (2003). Rather, the record is exemptible and exempt only if the public-interest balancing test is also satisfied. *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 101; 649 NW2d 383 (2002); *Landry, supra* at 424. Under the balancing test of MCL 15.243(1)(s), defendants bear the burden of justifying nondisclosure, and we review for clear error the result of the trial court's balancing test. *Federated Publications, supra* at 105, 107.

Because the requested information involves retirees, defendants fail to demonstrate how the information would identify the pension recipients as law enforcement officers. Although the retired police officers were law enforcement officers once, defendants have not presented any evidence suggesting that they are still employed in that capacity. On the contrary, the very nature of the request reflects that plaintiff only seeks information on individuals who are no longer law enforcement officers. Similarly, in MCL 15.243(s)(iii), as amended by 2002 PA 130, the FOIA specifically exempts from disclosure information regarding the addresses and phone numbers of retired police officers, so the absence of the modifier "retired" in MCL 15.243(s)(viii) indicates that the Legislature intended the exemption in MCL 15.243(s)(viii) to apply only to the identities of active law enforcement officers. Therefore, providing the names of retirees with their corresponding pension incomes does not invoke the exemption in MCL 15.243(s)(viii).

Whether divulging the retirees' pensions would "[d]isclose personnel records of law enforcement agencies" according to MCL 15.243(1)(s)(ix) is a more difficult question. The term "personnel" includes "all facets of the employment process, not simply records related

to current employees of an agency," *Landry, supra* at
422-423, so the phrase "personnel records" presumably
encompasses a retiree's individualized records. Never-
theless, defendants have failed to provide any evidence
that the information only exists in each retiree's indi-
vidual personnel records. On the contrary, the facts
suggest that defendants are well aware of who receives
which pension income without consulting any retiree's
individual personnel file or any record generated as a
result of plaintiff's request. Therefore, defendants have
failed to demonstrate a genuine issue of fact that the
exemption in MCL 15.243(1)(s)(ix) applies. *Federated
Publications, supra* at 105.

Even if disclosure of the names and pension amounts
together had fit within these exemptions, the trial court
did not clearly err when it found that the interest in
disclosure outweighed the retirees' interest in nondis-
closure. Given the fact that the retirees' identities alone
are not expressly exempted from disclosure, there is
only a negligible increase in the possibility that defen-
dants' speculative litany of various calamities would
actually befall a retired police officer merely because
the officer's corresponding pension income is also
known. Therefore, the negligible additional risk does
not outweigh the public's interest in knowing how and
to whom the government is distributing its tax dollars.
MCL 15.231. Accordingly, defendants have not met
their common burden of justifying nondisclosure. *Fed-
erated Publications, supra* at 108-109.

Turning to the separate arguments raised by defen-
dant city of Southfield, we disagree that plaintiff's
request required the city to compile a summary report
or create a new public record. MCL 15.233(4), (5).
Although plaintiff's literal request was for "a list," the
actual information sought by plaintiff was made clear

by its description. The FOIA does not require a precise description of the actual records sought; rather, the statute's focus is on public access to *information*. In *Herald Co, supra* at 121, our Supreme Court opined that

> the Legislature did not impose detailed or technical requirements as a precondition for granting the public access to information. Instead, the Legislature simply required that any request be sufficiently descriptive to allow the public body to find public records containing the information sought. . . . [W]e note that it would be odd indeed to ask a party who has no access to public records to attempt specifically to describe them.

Rather than compiling a list, the city could have satisfied the request by allowing plaintiff access to, or providing copies of, redacted records that contained only the requested information. *Id.* at 122. The city's claims of exemption belie any argument that it did not have access to records containing the information.

The city also argues that it is not liable under the FOIA because it was the wrong public body to grant plaintiff's request and that plaintiff should have addressed its request to its retirement system. We disagree. Plaintiff does not contest that the city and its retirement system are separate public bodies and that the retirement system itself may be considered a public body under the FOIA. *Detroit News, Inc v Policemen & Firemen Retirement Sys of Detroit*, 252 Mich App 59, 71; 651 NW2d 127 (2002). Nevertheless, the records were "public records" that the city must disclose under the FOIA, regardless of the difference between the two entities. Although the city's letter expressed its preference that plaintiff direct its FOIA requests to its retirement system, there is direct evidence that the city could also produce the requested records. The city compiled a

list of pension information about retired fire and police employees and provided extensive documentation about pension calculation. The city also cited an exemption rather than claiming that it lacked the ability to produce the names, and at one point, the city's retirement system stated that "the requested information was contained within the City's records." Accordingly, the city failed to demonstrate a genuine issue of fact that it lacked the ability to produce the records. *MacKenzie, supra* at 131.

For the same reasons, we reject the city's claim that it is not liable for plaintiff's fees and costs. If a requesting person prevails in an action challenging nondisclosure under the FOIA, "the court shall award reasonable attorneys' fees, costs, and disbursements." MCL 15.240(6). A plaintiff has prevailed if: " '(1) the action was reasonably necessary to compel the disclosure; and (2) the action had the substantial causative effect on the delivery of the information to the plaintiff.' " *Local Area Watch v Grand Rapids,* 262 Mich App 136, 149; 683 NW2d 745 (2004), quoting *Schinzel v Wilkerson,* 110 Mich App 600, 602; 313 NW2d 167 (1981). Whether a defending public body's actions in denying the request were reasonable is irrelevant. *Local Area Watch, supra* at 150. The award shall be assessed against the public body "that kept or maintained the public record as part of its public function." MCL 15.240(7). The city does not expressly challenge whether plaintiff has prevailed in this action; rather, the city claims that plaintiff has not prevailed *against the city.* However, plaintiff issued its request to the city, which failed to comply with the FOIA. Therefore, the trial court correctly found that plaintiff prevailed against the city.

On a related note, the Southfield Fire and Police Retirement System argues that it was not a proper

defendant under the FOIA because plaintiff did not submit its request directly to the retirement system. An appellant's issues are limited to those raised in the application for leave to appeal, and this issue was not addressed in defendants' application. MCR 7.205(D)(4); *Wilcoxon v Wayne Co Neighborhood Legal Services*, 252 Mich App 549, 555; 652 NW2d 851 (2002). Moreover, the argument lacks merit because the system's preemptive denial of the information forced plaintiff to either add the retirement system to this lawsuit or futilely expend its resources directing an already-rejected request to the retirement system. Because the retirement system's preemptive denial was a "final determination" regarding plaintiff's request, MCL 15.240(1), plaintiff was entitled to initiate this action against the retirement system, MCL 15.240(1)(b), and was entitled to attorney fees when it prevailed, MCL 15.240(6).

The city argues that plaintiff did not have standing to sue because only Christoff, himself, may be considered a "requesting person" under the FOIA. We disagree. The FOIA provides that "a person" has a right to inspect, copy, or receive public records upon providing a written request to the FOIA coordinator of the public body. MCL 15.233(1), 15.235(1). The statute then grants "the requesting person" standing to commence an action in a circuit court to compel disclosure of records which the public body has refused to disclose. MCL 15.235(7)(b), 15.240(1)(b). Under the FOIA, " '[p]erson' means an individual, corporation, . . . or other legal entity." MCL 15.232(c). A corporation acts through its individual agents as a matter of course. Here, Christoff's request was written on "Detroit Free Press" letterhead, and Christoff identified himself as the "Lansing Bureau Chief." He also stated that he was a journalist for plaintiff and that he intended to use the requested

information for an article "in our newspaper." Therefore, plaintiff issued the request and had standing to pursue its claim.

Regarding the city's last two justifications for nondisclosure, we first find that *Kallstrom v City of Columbus*, 136 F3d 1055 (CA 6, 1998), is distinguishable. This is not a case in which the requested disclosure may lead a drug gang to a police officer's doorstep. In fact, the city conceded that the names of the individuals are essentially a matter of public record, i.e., anyone may discover who occupied the office of police chief in 1994. The city only balked at associating the names behind the disclosed ranks with a particular pension benefit, which is information that is neither secure, private, nor exempt. Second, the federal FOIA, 5 USC 551 *et seq.*, does not apply to the city's records under the exemption in MCL 15.243(1)(d) regarding "[r]ecords or information specifically described and exempted from disclosure by statute." The federal FOIA relates to the public's access to the records of federal agencies, not records of state agencies, 5 USC 552(f)(1) and 551(1), so it does not particularly exempt the city's records from disclosure.

Affirmed.

WHITBECK, C.J., concurred.

SAAD, J. *(dissenting)*. I respectfully dissent. While, under the Freedom of Information Act, MCL 15.231 *et seq.*, the public has the right to documents that show how much public money was spent on pensions for public employees, the request here exceeds that right. The FOIA does not require the defendant boards to disclose documents that reveal how much any specifically identified individual receives in annual pension

payments. And, because the majority's holding goes too far, I dissent.

During oral argument, counsel for the boards pointed out, without contradiction or rebuttal, that the majority of the money used to pay the pensions of the retired police officers and firefighters is *earned* by the retirement funds, not contributed by the public. That is, the money ultimately used to pay pensions comes from three distinct sources: (1) public contributions, (2) employee contributions, including employee investment decisions (such as "buying years of service" or using accumulated sick leave), and (3) earnings achieved through investment decisions by the board. The majority incorrectly characterizes pension payments as "more comparable to public salaries than to private assets." *Ante,* p 283. To the contrary, a salary is paid with current government funds, while the pension payments at issue are, in large part, comprised of money other than the amount originally paid into the retirement system. Thus, the amount of taxpayer dollars the government previously contributed into the retirement system should be disclosed, not how much individual retirees or their families receive as a result of personal investment decisions.

If, for example, the purpose of the FOIA request is to discover how much Southfield contributed to the "top twenty retirees," then the only information the board is required to disclose is the money Southfield contributed to the retirement system, not the amounts received by retirees now, which includes employee contributions and investment-produced accumulations. The purpose of the FOIA is to show how government operates—in this instance, how government spends public funds on pensions. Again, this is accomplished by showing the

amount of tax dollars the government entity contributed, not the amount now paid to select retirees.

Furthermore, the pension payments to any specific individual retiree or the retiree's spouse or child is personal financial information and disclosure would constitute a clearly unwarranted invasion of privacy. Indeed, unless the public interest in disclosure outweighs the public interest in nondisclosure, the identities of law enforcement officers and relatives of active or retired law enforcement officers are exempt from FOIA. MCL 15.243(1)(s)(iv). Moreover, the FOIA exempts from disclosure personnel records of law enforcement agencies and makes no distinction between the records of active or retired officers. MCL 15.243(1)(s)(ix). Michigan case law has protected personal financial information of citizens from disclosure on the grounds of privacy, and we should do so here as well. *Stone Street Capital, Inc v Bureau of State Lottery*, 263 Mich App 683, 693; 689 NW2d 541 (2004).

Key to our analysis under the FOIA is that whatever information we hold to be subject to FOIA disclosure serves the interest of the FOIA—to inform citizens about how the government operates. *Mager v Dep't of State Police*, 460 Mich 134, 145-146; 595 NW2d 142 (1999). And, therefore, here, the only amount that shows how the government operates—i.e., what it spends for pensions, is the amount the government contributes, not the amount the private citizen/retiree receives in pension payments. Moreover, because the individual retiree has a privacy interest in his or her personal financial information, we, as an appellate court, must ask the ultimate policy question: Does the public interest in disclosure here outweigh the retiree's privacy interest? The answer is that the individual retiree's privacy interests clearly outweigh whatever

public interest there may be in disclosure of any specific individual's pension payments. The reasons for this conclusion are clear. The retiree's personal financial information, including decisions whether to designate a spouse or child to receive the pension, is and should remain private. And, because the public's interest in knowing how its government operates can be accomplished by showing what the government *contributed* rather than what the retiree receives, a more limited ruling serves both the interests of the public and privacy.

Therefore, I would respectfully disagree with the majority and instead hold that the retirement boards must disclose what the respective governmental entities paid into the retirement system for the "top twenty," not what any individual in the "top twenty" receives on an annual basis. Accordingly, I would reverse the trial court decision and hold that the pension boards have fully[1] complied with the FOIA by supplying the information regarding the job category, amount and method of computation for the "top twenty" retirees.

---

[1] Indeed, because the boards produced documents that show how much the "top twenty" received, the boards have provided more than the FOIA requires because the FOIA only requires a disclosure of what the public *contributed* to these pensions.