*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA LESKO,

        Plaintiff-Appellant,

V

SUPREME FELONS, INC.,

        Defendant-Appellee.

FOR PUBLICATION
April 23, 2026
8:48 AM

No. 376081
Washtenaw Circuit Court
LC No. 24-001552-CZ

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

YOUNG, J.

In this action brought under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff, Patricia Lesko, appeals as of right the trial court's order granting the motion for summary disposition filed by defendant, Supreme Felons, Inc., on grounds that plaintiff lacked standing to pursue this action. We affirm.

## I. BACKGROUND

Plaintiff works for a newspaper that operates as "The Ann Arbor Independent." On September 11, 2024, plaintiff sent defendant an email requesting that defendant produce certain documents that were allegedly subject to FOIA. In the email, plaintiff wrote that "The Ann Arbor Independent would like copies" of these documents; that, if defendant refused, then "The Ann Arbor Independent's only recourse" would be civil action; and that "[t]he newspaper would like these records in digital format."

On September 13, 2024, plaintiff sent defendant a second email requesting additional documents under the auspices of FOIA. In this email, like the last one, plaintiff wrote that "The Ann Arbor Independent would like copies of" these documents; that, if defendant refused to provide the documents, then "The Ann Arbor Independent's only recourse" would be to pursue a civil action; and that "[t]he newspaper would like these records in digital format."

On September 18, 2024, Billy Cole, acting on behalf of defendant, denied these FOIA requests, stating that defendant "is not a public body and [is] therefore not subject to the FOIA." On October 25, 2024, defendant's counsel sent a more formal denial letter addressed to plaintiff

which stated that defendant "will not provide you or your publication with" the requested documents in part because defendant was not a public body.

Plaintiff, proceeding pro per, filed the complaint giving rise to this action on November 21, 2024. As the case caption suggests, plaintiff filed the complaint in her individual capacity, challenging defendant's denial of the September 11 and September 13 FOIA requests.

On May 13, 2025, defendant moved for summary disposition, arguing that plaintiff lacked standing to bring this FOIA action because the at-issue FOIA requests were made on behalf of The Ann Arbor Independent, so only The Ann Arbor Independent had standing to challenge the denial of those requests.[1]

In response, plaintiff argued that she signed the requests for the documents, so she was "the requesting person" under FOIA and could bring this claim arising out of the denial of those FOIA requests.

At a June 11, 2025 hearing, the trial court granted defendant's motion because it agreed with defendant that plaintiff lacked standing to challenge defendant's denial of the FOIA requests. The court reasoned that, because the FOIA requests were made on behalf of The Ann Arbor Independent, only The Ann Arbor Independent had standing to bring a FOIA action challenging the denial of those requests.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *UAW v Central Michigan Univ Trustees*, 295 Mich App 486, 493; 815 NW2d 132 (2012). A trial court's ruling that a party lacks standing is likewise reviewed de novo. *Id*. A motion for summary disposition in which the defendant argues that the plaintiff lacks standing is properly brought under MCR 2.116(C)(5). See *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 619; 873 NW2d 783 (2015); *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 528; 695 NW2d 508 (2004). When reviewing a (C)(5) motion, a court "must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Aichele v Hodge*, 259 Mich App 146, 152; 673 NW2d 452 (2003) (quotation marks and citation omitted).

---

[1] In defendant's motion, it incorrectly alleged that The Ann Arbor Independent was a corporation, when in reality The Ann Arbor Independent was an assumed name for The Adjunct Advocate, Inc. It does not make a substantive difference for purposes of the relevant analysis whether the separate legal entity is "The Ann Arbor Independent" or "The Adjunct Advocate"—the point is that plaintiff as an individual is distinct from the legal entity on whose behalf she submitted the FOIA requests. To avoid possible confusion, this opinion discusses "The Ann Arbor Independent" as the separate legal entity on whose behalf the at-issue FOIA requests were made.

## III. ANALYSIS

Plaintiff argues that the trial court erred by holding that plaintiff lacked standing to bring this FOIA action in plaintiff's individual capacity. We disagree.

In Michigan, "a litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010).

Michigan's FOIA provides that "a person has a right to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.233(1). The act defines "person" as "an individual, corporation, limited liability company, partnership, firm, organization, association, governmental entity, or other legal entity." MCL 15.232(g). If a person desires to exercise their rights under FOIA, the person must "make a written request for the public record to the FOIA coordinator of a public body." MCL 15.235(1). "A request from a person . . . must include the requesting person's complete name, address, and contact information, and, if the request is made by a person other than an individual, the complete name, address, and contact information of the person's agent who is an individual." MCL 15.233(1). If a person's request is denied, then "the requesting person" may commence a civil action "to compel the public body's disclosure of the public record." MCL 15.240(1)(b).

The pertinent facts of this case are simple. Plaintiff sent defendant two emails in which she wrote that "The Ann Arbor Independent would like copies" of certain documents; that, if defendant refused to provide the documents, then "The Ann Arbor Independent's only recourse" was civil action; and that "[t]he newspaper would like these records in digital format." Both emails were signed by plaintiff and used the title "Editor." Underneath plaintiff's name was written "The Ann Arbor Independent," and underneath that was the address and contact information for the newspaper.

After these FOIA requests were denied, plaintiff brought this action in her individual capacity under MCL 15.240(1)(b). That subsection only allows "the requesting person" to bring a civil action on the basis of a denied FOIA request, and the central question on appeal is whether plaintiff—who personally submitted the FOIA requests but on behalf of her newspaper—was "the requesting person" for purposes of MCL 15.240(1)(b).

As the dissent provides, "[o]ne way to think about this is as plaintiff claiming that two 'persons' submitted joint FOIA requests to defendant—one 'person' was the Ann Arbor Independent, the other was plaintiff as an individual." We can find no record evidence that plaintiff made this request in her individual capacity.

We note first that plaintiff provided her work address and additional work-related information on the forms. We acknowledge this is not dispositive to determining whether she is jointly filing as an individual and an agent of her newspaper. When " a person other than an individual" files a request for documents under FOIA, that request "must include . . . the complete name, address, and contact information of the person's agent who is an individual." MCL 15.233(1). The information that MCL 15.233(1) required plaintiff to include in her FOIA requests was the same regardless of whether plaintiff submitted the requests in her individual capacity or as the Ann Arbor Independent's agent. Thus, that plaintiff included her name, the Ann

-3-

Arbor Independent's address, her title at the Ann Arbor Independent, and the contact information for the Ann Arbor Independent clarifies that plaintiff is acting as an agent of the Ann Arbor Independent but does not foreclose she is acting in her individual capacity as well, although it is informative. Plaintiff acting in her individual capacity is foreclosed by the content of the request.

Plaintiff's requests, sent from her Ann Arbor Independent email address, speak on behalf on "the Ann Arbor Independent" and mention that should defendant fail to comply with the request, the "Ann Arbor Independent's only recourse is to . . . sue Supreme Felons." The email specifies that "*The Ann Arbor Independent* would like copies of the following public records . . . ." In a later email, plaintiff thanked defendant for "acknowledging *the newspaper's* second FOIA request." Here, the *only* "requesting person" was the non-individual corporate entity. Plaintiff, an individual who herself can make a FOIA request, acted only in her capacity as an agent of the non-individual corporate entity. An agent cannot become an individual "requesting person" by signing a document and providing their name and address. They must also be *requesting* something. Here, the only "person" requesting documents, according to the FOIA requests themselves, is the Ann Arbor Independent. The corporate entity remains "the requesting person" and only that "requesting person" may commence a civil action "to compel the public body's disclosure of the public record." MCL 15.240(1)(b).

Defendant argues, the trial court agreed, and we likewise agree that *Detroit Free Press, Inc v City of Southfield*, 269 Mich App 275; 713 NW2d 28 (2005) is a helpful guide. There, the plaintiff—the Detroit Free Press—brought a FOIA action against the City of Southfield. The case arose after the city denied a FOIA request sent to it by the "plaintiff's Lansing Bureau Chief, Chris Christoff." *Id*. at 279. As relevant to the instant case, "[t]he city argue[d] that plaintiff did not have standing to sue because only Christoff, himself, may be considered a 'requesting person' under the FOIA." *Id*. at 290. This Court disagreed, explaining:

> The FOIA provides that "a person" has a right to inspect, copy, or receive public records upon providing a written request to the FOIA coordinator of the public body. MCL 15.233(1), 15.235(1). The statute then grants "the requesting person" standing to commence an action in a circuit court to compel disclosure of records which the public body has refused to disclose. MCL 15.235(7)(b), 15.240(1)(b). Under the FOIA, " '[p]erson' means an individual, corporation, . . . or other legal entity." MCL 15.232(c). A corporation acts through its individual agents as a matter of course. Here, Christoff's request was written on "Detroit Free Press" letterhead, and Christoff identified himself as the "Lansing Bureau Chief." He also stated that he was a journalist for plaintiff and that he intended to use the requested information for an article "in our newspaper." Therefore, plaintiff issued the request and had standing to pursue its claim. [*Id*. at 290-291.]

This Court never ruled on whether Christoff was a "requesting person" for purposes of MCL 15.240(1)(b) but this Court held only that the plaintiff newspaper was "the requesting person" for purposes of the statute. We decline to opine whether MCL 15.240(1)'s use of the singular "requesting person" necessarily means that there can only ever be one "requesting person." We hold only that here, as in *Free Press*, there was one requesting "person" and that "person" was the Ann Arbor Independent.

Briefly, defendant argues that plaintiff—who is representing herself—is engaged in the unauthorized practice of law, but this argument appears premised on defendant's contention that only plaintiff's newspaper can prosecute the at-issue FOIA claim. Because plaintiff is prosecuting this case in her individual capacity, she can represent herself. See Const 1963 Art 1, § 13 ("A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney."); and MCL 600.1430 ("Every person of full age and sound mind, may prosecute or defend civil actions in any court by an attorney, or may, at his election, prosecute or defend civil actions in person."). Defendant also argues in passing that plaintiff is not the real party in interest, but defendant does not explain why, thus abandoning the issue by failing to adequately brief it. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Plaintiff also argues before this Court that the trial court erred by concluding that defendant was not a "public body" for purposes of FOIA. The trial court never concluded this, however. The court went no further than concluding that plaintiff did not have standing. We decline to review an issue that was not decided by the trial court.

Affirmed.

/s/ Adrienne N. Young
/s/ Michael J. Riordan