*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA LESKO,

        Plaintiff-Appellant,

v

SUPREME FELONS, INC.,

        Defendant-Appellee.

FOR PUBLICATION
April 23, 2026
8:48 AM

No. 376081
Washtenaw Circuit Court
LC No. 24-001552-CZ

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

O'BRIEN, J. (*dissenting*).

At issue in this case is whether plaintiff has standing to challenge defendant's denials of requests for documents that plaintiff submitted to defendant pursuant to Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq*. In Michigan, "a litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). Under Michigan's FOIA, a "requesting person" who has their FOIA request denied may commence a civil action "to compel the public body's disclosure of the public record." MCL 15.240(1)(b).

Plaintiff submitted two FOIA requests to defendant in which plaintiff included her complete name, address, and contact information as required by MCL 15.233(1). Defendant denied these requests and sent its denials to plaintiff as required by MCL 15.235(2)(b). Plaintiff then commenced this action in her individual capacity, in response to which defendant claimed that plaintiff was not "the requesting person" permitted to bring this action under MCL 15.240(1)(b). According to defendant, plaintiff submitted the at-issue requests as an agent of her newspaper (The Ann Arbor Independent), so only that entity has standing to bring this action.

I would conclude that plaintiff, as the individual who personally submitted the requests asking for documents and included in those requests her complete name and contact information as required by MCL 15.233(1), qualifies as "the requesting person" for purposes of MCL 15.240(1)(b), and therefore has standing to bring this action in her individual capacity. I respectfully dissent from the majority's conclusion to the contrary.

In my view, the central question that this Court is asked to resolve in this appeal is how to determine who is "the requesting person" for purposes of MCL 15.240(1)(b). While Michigan's FOIA does not define "the requesting person" as used in the act, the definition seems obvious— "the requesting person" is the "person" who made the FOIA request. While simple in theory, it can become difficult in practice to discern the "person" who made a FOIA request because Michigan's FOIA defines "person" to include a host of legal entities. See MCL 15.232(g). A legal entity can only act through its agents, so any time a legal entity "makes" a FOIA request, the request is technically submitted by an individual acting as the legal entity's agent. See, e.g., *Altobelli v Hartmann*, 499 Mich 284, 296; 884 NW2d 537 (2016) ("[I]t is well established that corporations can only act through officers and agents.") (quotation marks and citation omitted). This has the potential to raise the issue that this case presents—can the individual who personally submits a FOIA request on a legal entity's behalf be a "requesting person" for purposes of Michigan's FOIA?

Defendant argues that the answer is "no." According to defendant, if an individual submits a FOIA request on a legal entity's behalf, then the legal entity—and only the legal entity—is "the requesting person." In my opinion, nothing in Michigan's FOIA requires such a limited interpretation.

To begin, I think it is necessary to properly frame the issue in this case. I agree with the majority to the extent it concludes that there can be no serious dispute that plaintiff submitted the FOIA requests at issue on behalf of The Ann Arbor Independent. Plaintiff contends, however, that she *also* submitted these FOIA requests on her own behalf. In her response to defendant's motion for summary disposition, plaintiff argued that because she personally signed and submitted the FOIA requests, she sufficiently identified herself as "the requester," regardless of her "employment" or any other "affiliation." One way to think of this is as plaintiff claiming that two "persons" submitted joint FOIA requests to defendant—one "person" was The Ann Arbor Independent, the other was plaintiff as an individual. Nothing in Michigan's FOIA prevents two people from submitting a joint FOIA request, so I see no statutory impediment to plaintiff's argument that she submitted the requests at issue in her individual capacity regardless of whether she also did so as The Ann Arbor Independent's agent.

Next there is the fact that MCL 15.240(1) refers to "the requesting person" in the singular. This is not a problem because MCL 8.3b provides, "Every word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number." It follows that MCL 15.240(1)'s use of the singular "requesting person" does not necessarily mean that there can only ever be one "requesting person." Rather, the term can be read to refer to multiple "requesting persons," and this can be true even though "requesting person" is preceded by the definite article "the." See, e.g., *People v Warren*, 505 Mich 196, 211-212; 949 NW2d 125 (2020) (relying on MCR 1.107—the court-rule analog for MCL 8.3b—to conclude that "the offense" as used in MCR 6.302(B)(2) was to be read to include "both the singular and the plural," i.e., to mean "the *offenses*"); *Barrow v Detroit Election Comm*, 305 Mich App 649, 682; 854 NW2d 489 (2014) (relying on MCL 8.3b to conclude that use of "the office of the clerk" in the version of MCL 168.761(1) that was then in effect "does not mean that only one physical location can constitute the clerk's office").

To summarize, because it was permissible for plaintiff to submit the FOIA requests at issue in her individual capacity *and* as The Ann Arbor Independent's agent, the fact that plaintiff was acting in the latter role when she submitted the FOIA requests is not dispositive. And because there can be more than one "requesting person" for purposes of MCL 15.240(1)(b), the fact that The Ann Arbor Independent may be a "requesting person" is also not dispositive. Rather, the issue we must decide is whether plaintiff, in her individual capacity, was "the requesting person" for purposes of MCL 15.240(1)(b). This leads back to the central question on appeal—how does one determine who a "requesting person" is for purposes of Michigan's FOIA? I think that answering this requires considering Michigan's FOIA as a whole.

Michigan's FOIA frequently references "the requesting person." The act provides that "the requesting person" may be required to do certain things and can challenge certain aspects of the public body's process of handling the requesting person's FOIA request. For instance, "the requesting person" may be required to pay a deposit or be held to have abandoned their request, see MCL 15.234(14), or they can challenge the fees being charged to process their request, see MCL 15.240a(1). More relevant for present purposes, the public body who receives a FOIA request must provide certain information to "the requesting person." For instance, the public body must issue a "written notice to the requesting person" if the public body decides to deny the person's request. MCL 15.235(2)(b). See also MCL 15.235(7)(b); MCL 15.240(2)(b). A public body presumably provides this information to "the requesting person" using the contact information that MCL 15.233(1) requires be included with every FOIA request: "A request from a person . . . must include the requesting person's complete name, address, and contact information, and, if the request is made by a person other than an individual, the complete name, address, and contact information of the person's agent who is an individual." In my opinion, we should determine who "the requesting person" is for purposes of MCL 15.240(1)(b) by starting from the same spot that a public body does when determining who "the requesting person" is for provisions like MCL 15.235(2)(b)—by looking at the information that MCL 15.233(1) requires be included with every FOIA request.

Doing that here establishes that plaintiff qualifies as "the requesting person" for purposes of MCL 15.240(1)(b). Plaintiff, as an individual, qualifies as a person under MCL 15.232(g), and she personally made written requests to defendant as required by MCL 15.235(1). In those requests, plaintiff asked defendant to produce certain documents and included her complete name, address, and contact information as required by MCL 15.233(1). When defendant denied the FOIA requests that plaintiff submitted, defendant issued the denials to plaintiff. See MCL 15.235(2)(b) (stating that, if a public body denies a FOIA request, it must issue "a written notice to *the requesting person*") (emphasis added). On these facts, I would conclude that plaintiff qualifies as "the requesting person" for purposes of MCL 15.240(1)(b), so she can bring this action in her individual capacity. This is true regardless of whether plaintiff's newspaper may also be "the requesting person" for purposes of MCL 15.240(1)(b) because the term can be read to refer to multiple "requesting persons." See MCL 8.3b.

This conclusion is not only consistent with the text and structure of Michigan's FOIA, but it furthers the act's "core purpose" of facilitating citizens' access to information about the workings of government. *Detroit Free Press, Inc v City of Southfield*, 269 Mich App 275, 282; 713 NW2d 28 (2005). That purpose is best served by adopting the common-sense understanding of "the requesting person" proposed in this opinion—one in which an individual who personally submits

-3-

a FOIA request asking for records, and in that request includes her contact information which is then used to tell her that her request is denied, can challenge the denial of her request as "the requesting person." Indeed, I do not see what purpose a contrary conclusion serves. A contrary conclusion simply prevents individuals like plaintiff from personally prosecuting their FOIA claims like plaintiff is trying to do here. This is not to say plaintiff's FOIA claim is necessarily dead; she may still be able pursue this FOIA claim if she hires an attorney to prosecute the claim on behalf of her newspaper. But the unnecessary hurdle that this imposes—particularly on small, local operations like The Ann Arbor Independent—strikes me as antithetical to FOIA's core purpose.

Turning to the majority, it concludes that there is "no record evidence that plaintiff made [the at-issue] request[s] in her individual capacity" because, looking at "the content of the request[s]," "the only 'person' requesting documents . . . is the Ann Arbor Independent." This analysis, in my opinion, fails to appreciate the context in which the requests were made. The Ann Arbor Independent could not, itself, request any documents from defendant; it could only act through its individual agents. See *Altobelli*, 499 Mich at 296. It follows that if The Ann Arbor Independent requested documents from defendant (as the majority concludes), then plaintiff did the requesting. That plaintiff was acting as The Ann Arbor Independent's agent when she requested documents from defendant does not change the fact that plaintiff requested the documents from defendant. The "record evidence" that plaintiff requested records from defendant in her capacity as an individual is the fact that plaintiff, as an individual, requested the records from defendant.

Additionally, by focusing solely on the content of a FOIA request, the majority reduces identifying "the requesting person" to a word game that can have absurd results. The majority opines that plaintiff here cannot be a "requesting person" because nowhere in plaintiff's requests did she state that she, as an individual, was asking defendant for documents, and the content of a FOIA request must demonstrate that a "requesting person" is "*requesting* something." But consider a hypothetical in which an individual submits a FOIA request that includes the individual's name and contact information, then requests documents using the passive voice, saying, "The following records are requested." If we look to the *content* of this request, then the request has no "requesting person" because no person is identified as "*requesting* something." But if we consider the *context* of this request, then it is obvious that the person who submitted the request was requesting the records. I would adopt the latter approach.

To be clear, I do not disagree with the majority insofar as it concludes that The Ann Arbor Independent is a "requesting person." There is plenty of evidence establishing that plaintiff was acting as The Ann Arbor Independent's agent when she requested documents from defendant, and we would consider this evidence if we were being asked to determine whether The Ann Arbor Independent was "the requesting person" for purposes of Michigan's FOIA.

We know this because that is what this Court did in *Detroit Free Press*, 269 Mich App at 290-291. The part of that case relevant to this appeal concerned a FOIA request that Chris Christoff submitted to the City of Southfield. *Id*. at 279. The *Detroit Free Press* Court referred to the documents that Christoff requested on his newspaper's behalf as "the information Christoff requested." *Id*. at 280. And when the city argued that the plaintiff-newspaper "did not have standing to sue because only Christoff, himself, may be considered a 'requesting person' under the

-4-

FOIA," the Court focused on evidence establishing that Christoff was acting as the plaintiff-newspaper's agent when he requested the documents. *Id*. at 290-291. The *Detroit Free Press* Court never addressed whether Christoff was a "requesting person" under Michigan's FOIA, but the Court clearly accepted that Christoff, as an individual, requested the documents, and the pertinent question was simply whether Christoff was acting as the plaintiff-newspaper's agent when he did so. See *id*. at 291 ("A corporation acts through its individual agents as a matter of course.").

Ultimately, this should be a simple case. Plaintiff personally submitted FOIA requests to defendant asking for documents, and in those requests, she told defendant how to contact her with information about the requests, making her "the requesting person" for purposes of Michigan's FOIA. Stated more formally, because plaintiff personally submitted the FOIA requests to defendant asking defendant to produce certain public records, and in her requests, plaintiff included her name and contact information as required by MCL 15.233(1) (which defendant then used to notify plaintiff that her requests were denied in accordance with MCL 15.235(2)(b)), I would hold that plaintiff qualifies as a "requesting person" for purposes of MCL 15.240(1)(b), and therefore has standing to bring this action in her individual capacity. Because the majority disagrees, I respectfully dissent.

/s/ Colleen A. O'Brien