**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 25, 2002**

FEDERATED PUBLICATIONS, INC, doing business as
THE LANSING STATE JOURNAL,

    Plaintiff-Appellee,

v                                                No.  118184

CITY OF LANSING,

    Defendant-Appellant,

and

CAPITOL CITY LODGE NO. 141 OF THE FRATERNAL
ORDER OF POLICE LABOR PROGRAM, INC, and
Jane Doe, and John Doe,

    Intervening Defendants.
_____

FEDERATED PUBLICATIONS, INC, doing business as
THE LANSING STATE JOURNAL,

    Plaintiff-Appellee,

v                                                No.  118186

CITY OF LANSING,

    Defendant,

and

CAPITOL CITY LODGE NO. 141 OF THE FRATERNAL
ORDER OF POLICE LABOR PROGRAM, INC,
       Intervening Defendant-Appellant.
_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

In this Freedom of Information Act (FOIA) matter, we are called upon to consider whether the circuit court erred in concluding that city police department records regarding citizen-initiated investigations were not exempt from disclosure while records regarding department-initiated investigations were exempt from disclosure under MCL 15.243(1)(s)(ix). We take this opportunity to clarify the appropriate standards of appellate review of the circuit court's determination in a FOIA dispute and the method by which the circuit court is required to perform its analysis under § 243(1)(s) of the FOIA.

First, we hold that the application of exemptions requiring legal determinations are reviewed under a de novo standard, while application of exemptions requiring determinations of a discretionary nature, such as the one presented here, are reviewed under a clearly erroneous standard. Second, we hold that MCL 15.240(4) of the FOIA specifically places the burden of proof on the public body to show that the public record is exempt from disclosure. Third, in applying the public interest balancing test, the circuit

2

court should consider the fact that records have been made exemptible under § 243(1)(s). Fourth, the "particular instance" language set forth in § 243(1)(s) requires the circuit court to analyze the FOIA request to determine whether further categorization of the requested records is required in order to determine whether the public interest in disclosure outweighs the public interest in nondisclosure. If further categorization is required to perform the balancing test, the circuit court should direct the public body to assist it in reasonably categorizing the sought-after records.

Because the city released the records regarding citizen-initiated complaints, that issue has been rendered moot. Further, with regard to the department-initiated complaints, we remand this matter to the Court of Appeals for reconsideration in light of the principles expressed in this opinion.

## I. FOIA Overview

The Michigan Legislature enacted FOIA, MCL 15.231 *et seq.*, to provide for the "disclosure of 'public records' in the possession of a 'public body.'" *Kent Co Deputy Sheriff's Assoc v Kent Co Sheriff,* 463 Mich 353, 360; 616 NW2d 677 (2000), quoting *Bradley v Saranac Comm Schs Bd of Ed,* 455 Mich 285, 292; 565 NW2d 650 (1997). Affording such public disclosure effects the state's policy of providing "full and

3

complete information regarding the affairs of government and the official acts of those who represent the people as public officials."  MCL 15.231(2).

When a party desires to inspect or receive a copy of a public record, it "shall make a written request [of the public body] for the public record . . . ."[1]  MCL 15.235(1).  After receiving a FOIA request, a public body  may grant, deny, grant in part, deny in part, or issue a notice extending (for not more than ten business days) the period for responding to the FOIA request. MCL 15.235(2)(a), (b), (c), (d).  If a public body denies the request, in full or in part, it must explain the basis, under the FOIA or another statute, for its denial.  MCL 15.235(4)(a).  A denial may be based upon a record's inclusion in one of the enumerated classes of exemptible records set forth in § 243.

Once a public body denies a FOIA request, the requesting party may either submit a written appeal to the head of that public body or commence an action in circuit court.  MCL 15.240(1)(a), (b).  If the requesting party appeals the matter to the head of the public body, the public body must either reverse its denial of disclosure, issue a written notice

---

[1]  A public record is statutorily defined as a "writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created."  MCL 15.232(e).

4

upholding the denial of disclosure, reverse the denial of disclosure in part and issue a written notice upholding the denial of disclosure in part, or issue a notice extending the period of response for a period not exceeding ten days. MCL 15.240(2)(a), (b), (c), (d). If the public body upholds its decision to deny the request, in full or in part, the requesting party may then seek judicial review. MCL 15.240(3).

At issue in the instant case is the FOIA exemption applicable to personnel records of a law enforcement agency, § 243(1)(s)(ix), which provides as follows:

> (1) A public body may exempt from disclosure as a public record under this act:
>
> * * *
>
> (s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:
> * * *
> (ix) Disclose personnel records of law enforcement agencies.

## II. Facts and Proceedings

In 1998, plaintiff, Federated Publications (doing business as The Lansing State Journal), submitted a FOIA request to defendant, city of Lansing, requesting disclosure of

> any reports or other documents regarding complaints investigated by the Lansing Police Department

5

Internal Affairs Bureau for the time period of January 1, 1997 through December 31, 1997. To the extent you believe the officers' identities may be subject to a privacy exemption, the names of the officers may be concealed, though the content of the reports and complaints themselves must be provided.

The city denied plaintiff's request, asserting that the records were exempt from disclosure pursuant to § 243(1)(s)(ix), among other provisions of law.[2] Instead, the city voluntarily disclosed a "statistical summary of internal affairs investigations for the year 1997." In response to the city's denial of its FOIA request, plaintiff filed an administrative appeal with the city council president. MCL 15.240(1)(a). Plaintiff argued that the public interest in the subject matter of its request required disclosure of the records that it had sought. In response, the city provided a more detailed explanation of its position in opposition to plaintiff's FOIA request.

Plaintiff subsequently sued under FOIA for disclosure, and both parties unsuccessfully moved for summary disposition. The circuit court observed that it must, first, determine whether the records were indeed law enforcement personnel

---

[2] In a letter from defendant to plaintiff, the city also contended that the requested records were exempt pursuant to MCL 15.243(d) (citing MCL 423.501, Employee Right to Know Act). The circuit court and the Court of Appeals rejected this argument below, and this Court limited its review to FOIA issues, specifically those relating to § 243(1)(s)(ix).

6

records, and, second, weigh the public interest in disclosure against the public interest in nondisclosure "in each particular instance."[3]

Upon consideration of the various interests at stake, the court ordered the release of all internal affairs investigation records, except those relating to department-generated complaints. Shortly after the circuit court's decision, the city, as well as intervening defendant Capital City Lodge, filed an emergency motion in the Court of Appeals for a stay of the circuit court proceedings. After initially granting the motion, the Court of Appeals vacated its order. Without taking any further action, the city then released the non-exempt citizen-generated complaint records to plaintiff.

The Court of Appeals subsequently affirmed the circuit court's decision in part and reversed in part. After observing that "FOIA embodies this state's strong public policy favoring public access to government information," the Court stated that defendants failed to satisfy their statutory burden of producing evidence explaining why the public interest in nondisclosure of the records outweighed the public interest in disclosure. Consequently, it ruled that all the

---

[3] Before renewing these motions for summary disposition, defendant Capitol City Lodge No 141 of the Fraternal Order of Police was granted permission to intervene in the present lawsuit.

7

requested records were subject to disclosure. Unpublished opinion per curiam, issued November 14, 2000 (Docket Nos. 218331, 218332).

Defendants filed separate applications for leave to appeal in this Court. We granted leave, limited to "whether the requested files were exempt from disclosure under § 243(1)(s)(ix) . . . ." 465 Mich 910 (2001).

### III. STANDARD OF REVIEW

We are required in this case to determine whether the circuit court properly applied § 243(1)(s)(ix) in determining that the department-initiated records were exempt and that the citizen-initiated investigation records were not exempt under the FOIA. This Court has not had prior occasion to enunciate the specific standard of review applicable to this inquiry.[4] We conclude that a circuit court's decision regarding the applicability of exemptions to public records does not automatically require de novo review.

Although the FOIA expressly addresses the standard that governs a circuit court's review of a public body's own

---

[4] This Court has, without elaboration, applied a de novo standard of review in some FOIA cases. In cases applying a de novo standard, this Court has either assumed that the application of a FOIA exemption is purely an issue of statutory interpretation, see, e.g., *Bradley, supra* at 293, or has reviewed the matter in the context of a summary disposition motion, see, e.g., *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000).

determination of what public records must be disclosed,[5] it is silent regarding the standard that governs appellate review of the circuit court's decision. Therefore, we turn to our case law to determine the appropriate standard of review. As stated above, questions of law are reviewed de novo. Factual findings and matters of discretion, on the other hand, are generally reviewed either for clear error or an abuse of discretion. See, e.g., *People v Barrera*, 451 Mich 261, 269; 547 NW2d 280 (1996).

Several statutory exemptions exist in the FOIA. Depending on the particular language of an exemption, judicial determinations of its applicability may implicate different standards of appellate review. We hold that the application of exemptions involving legal determinations are reviewed under a de novo standard. *Lincoln v General Motors Corp*, 461 Mich 483, 489-490; 607 NW2d 73 (2000). Exemptions involving discretionary determinations, such as application of the instant exemption requiring a circuit court to engage in a

---

[5] Section 240(4) provides in relevant part:

   In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record. The circuit court . . . has venue over the action. The court shall determine the matter de novo . . . .

9

balancing of public interests, should be reviewed under a deferential standard. We therefore hold that the clearly erroneous standard of review applies to the application of exemptions requiring determinations of a discretionary nature. A finding is "clearly erroneous" if, after reviewing the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

## IV. DISCUSSION

As stated on numerous occasions by this Court, the primary goal of judicial interpretation of statutes is to discern and give effect to the intent of the Legislature. This Court discerns that intent by examining the specific language of a statute. If the language is clear, this Court presumes that the Legislature intended the meaning it has plainly expressed and the statute will be enforced as written. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word or phrase of a statute will be given its plain and ordinary meaning. See MCL 8.3a.

### A. BURDEN OF PROOF

Defendant urges this Court to embrace its position that the FOIA requester carries the burden of proving that the

10

public interest in the disclosure of public records outweighs the public interest in nondisclosure.  Specifically, defendant argues that the public body is required initially only to establish that public records sought under the FOIA fall within one of the exemptible categories, in this instance, that the records were "personnel records of law enforcement agencies."  Once established, defendant contends that the burden of demonstrating that the public interest in disclosure outweighs that of nondisclosure shifts to the  requester.  In support of its view, defendant focuses on the following language in § 243(1)(s):  "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance."  Plaintiff, in response, argues that § 240(4) places the burden of proof on the public body. Further, plaintiff maintains that the language in § 243(1)(s) neither conflicts with nor alters the burden of proof set forth in § 240(4).  We agree with plaintiff.

First, § 240(4) provides:

> In an action [in the circuit court to compel disclosure under the FOIA], . . . [t]he court shall determine the matter de novo and *the burden is on the public body to sustain its denial.* [Emphasis added.]

This language plainly states that the burden of proof is on the public body to demonstrate why it is entitled to protect a record from disclosure.

11

Second, the language of § 240(4) is consistent with that of § 243(1)(s). The latter provision merely sets forth the public interest balancing test. When read together with the introductory language in § 243(1), this provision states that a public body may exempt from disclosure a class of public records identified in § 243(1)(s), unless the "public interest in disclosure outweighs the public interest in nondisclosure" in the particular instance. In light of the express language of § 240(4), we do not view § 243(1)(s) as allocating the burden of proof in FOIA matters; rather, it merely prescribes a balancing test for determining whether a class of records is exemptible.

In sum, in determining which party bears the burden of proof regarding the applicability of a FOIA exemption, we have no reason to depart from the settled principle that the burden of proof is on the party asserting that a record is exempt under the FOIA.[6] Accordingly, we hold that the language set forth in § 240(4) controls and places the burden of proof on the public body to show that it is entitled to protect a record from disclosure.

### B. "PUBLIC INTEREST"

In carrying out its public interest balancing under §

_____

[6]See, e.g., *Herald Co, supra* at 119; *Bradley, supra* at 293; *Evening News Ass'n v Troy*, 417 Mich 481, 503; 339 NW2d 421 (1983).

12

243(1)(s), a circuit court is confronted in each case with differing public interest considerations. In undertaking this balancing, however, the circuit court must consider the fact that the inclusion of a record within an exemptible class under § 243(1)(s) implies some degree of public interest in the nondisclosure of such a record. In contrast with the universe of public records that are non-exemptible, the Legislature has specifically designated these classes of records as exemptible. That is, some attribute of these records has prompted the Legislature to designate them as subject to disclosure only upon a finding that the public interest in disclosure predominates. However, we emphasize that these records are merely exemptible and not exempt, and that exemption is not automatic. Nonetheless, in performing the requisite balancing of public interests, the circuit court should remain cognizant of the special consideration that the Legislature has accorded an exemptible class of records .

### C. "PARTICULAR INSTANCE"

As stated previously, a public body may exempt from disclosure certain classes of records, including law enforcement personnel records, "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure *in the particular instance* . . . ." MCL 15.243(1)(s) (emphasis added). In the emphasized phrase at issue, the

first significant word is "particular," which means "pertaining to a single or specific person, thing, group . . . not general." *Random House Webster's College Dictionary* (2001). Next, there is "instance," which means "a case or occurrence of something." *Id.* In light of this language, we believe that public records reviewed under the FOIA balancing test must be organized within reasonably specific categories that enable the circuit court to weigh similar competing aspects of the public interest. In some cases, it may be clear that the FOIA request is comprised of a sufficiently precise or narrow category of records that the circuit court can adequately balance the public interests at stake without the need of further "particular instance" categorization.[7] See, e.g., *Kent Co*, *supra* at 399, which involved a narrow request for records on which disciplinary decisions regarding two prison guards were based.

Conversely, a FOIA request may be general and entail a request for records relating to varied subjects, arguably implicating several different aspects of the public interest. In such cases, the circuit court may be required to conduct a "particular instance" categorization of records to enable it to identify and weigh similar aspects of the public

---

[7] A FOIA request must "sufficiently" describe the sought-after records. MCL 15.233.

14

interest in favor of disclosure  or nondisclosure.[8]

The circuit court is charged with balancing the records sought by a FOIA requester. The more general or complicated the request, however, the more likely the court is to require the assistance of the parties, in particular that of the public body because it has custody of the sought-after records.  *Schiffer v FBI,* 78 F3d 1405, 1408 (CA 9 1996).  The requester may be unaware of what records the public body

---

[8]*For example, in Newark Morning Ledger Co v Saginaw Co Sheriff,* 204 Mich App 215, 216; 514 NW2d 213 (1994), the Court of Appeals determined that, although an exemption may apply to a category of records, "any category must be clearly described and 'drawn with sufficient precision so that all documents within a particular category are similar in nature.'" *Id.* at 226, quoting *Anderson v Dep't of Health & Human Services*, 907 F2d 936, 944 (CA 10, 1990).  The Court of Appeals emphasized that drafting categories with sufficient precision is required because it enables the circuit court to properly balance the competing public interests:

> The difficulty with the court's treatment of the internal affairs investigatory records as a single category is that public interest in disclosure and nondisclosure may vary depending on the circumstances of an investigation, and the nature of the documents produced.  For example, the court's analysis of the public interest in nondisclosure is focused on the potential harm that may result from disclosing information about unfounded allegations of misconduct.  That analysis is clearly not applicable to those investigations in which it was determined that the employee had engaged in wrongdoing.  Yet, in determining the applicability of the exemption, the court did not distinguish between investigations in which the allegations were determined to be clearly unfounded, and those that even the department found warranted disciplinary action. [*Newark, supra* at 225.]

15

possesses, how such records have been categorized, or the precise nature of their contents. Such a disparity in information suggests that the public body will often be in the best position to categorize the information sought to be disclosed. *Vaughn v Rosen,* 157 US App DC 340, 343-344; 484 F2d 820 (1973).[9]

Therefore, if because of the diverse nature of the records sought, the circuit court is unable to apply the statutory public interest balancing test, the court should direct the public body to assist it in reasonably categorizing the sought-after records.

## V. APPLICATION

### A. CITIZEN-INITIATED COMPLAINTS

As stated above, the city released the citizen-initiated complaints to plaintiff. Therefore, we must determine whether a claimed exemption for those records was rendered moot by their release.

The principal duty of this Court is to decide actual cases and controversies. *Anway v Grand Rapids R Co*, 211 Mich 592, 610; 179 NW 350 (1920). To that end, this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before us unless the issue is one of public significance that is likely

---

[9] See also *Evening News Ass'n, supra* at 503.

to recur, yet evade judicial review. *Id.;* see also *In re Midland Publishing*, 420 Mich 148, 152, n 2; 362 NW2d 580 (1984).

Applying these principles to the present case, we hold that any existing "controversy" regarding whether the citizen complaint records were properly ordered to be disclosed was rendered moot by their release.[10]   A decision from this Court regarding the released records would have no practical legal effect.  Defendants are advocating the nondisclosure of the citizen complaint records; they want to ensure that these records remain secret.  Yet, because the city has already publicly released these records, they are obviously no longer "secret."  No decision by this Court can transform disclosed records into nondisclosed records.

Further, this case does not present an issue that is likely to recur yet regularly evade judicial review.  Quite simply, all that the city would have had to do here to secure review of this issue was to appeal the disclosure order to this Court.  A similar course of action is open to a public body that finds itself situated in the city's circumstances in the future.

---

[10]See, e.g., *Regional Mngt Corp Inc v Legal Services Corp*, 186 F3d 457 (CA 4, 1999).

17

## B. DEPARTMENT-INITIATED COMPLAINTS

The Court of Appeals, not having had the benefit of this opinion clarifying the appropriate standards of review applicable to this FOIA matter, engaged in a de novo review of the circuit court's determination that the department-initiated investigation records were exempt from disclosure under § 243(1)(s)(ix). Because we hold today that the clearly erroneous standard of review applies to exemptions involving discretionary determinations, we believe that it is necessary to remand this matter to the Court of Appeals for reconsideration of its determination that the circuit court erred in holding that the department-initiated internal affairs investigation files were exempt from disclosure. Should the Court of Appeals on remand find that it is not "left with the definite and firm conviction that a mistake has been made," *Miller*, *supra* at 337, it must affirm the circuit court's grant of summary disposition.

## VI. CONCLUSION

We hold that: (1) Depending on the language of the particular FOIA exemption at issue, the circuit court may be entitled to a level of deference that is not accorded to legal issues. Where, as here, application of the statutory exemption requires the circuit court to exercise discretion, the appellate court must apply a clearly erroneous standard

18

of review.  (2) The public body has the burden of establishing that records are exempt from disclosure under the FOIA.  (3) In applying the public interest balancing test pursuant to § 243(1)(s), the circuit court should consider the fact that the records have been designated as exemptible by the Legislature. (4) The "particular instance" language set forth in § 243(1)(s) requires the trial court to analyze the FOIA request to determine whether further categorization is needed to conduct the proper balancing of the public interests involved.

We therefore remand this matter to the Court of Appeals for reconsideration in light of the principles expressed in this opinion.  We do not retain jurisdiction.

CORRIGAN, C.J., and CAVANAGH, KELLY, TAYLOR, and YOUNG, JJ., concurred with MARKMAN, J.

# STATE OF MICHIGAN

## SUPREME COURT

FEDERATED PUBLICATIONS, INC, doing business as
THE LANSING STATE JOURNAL,

    Plaintiff-Appellee,

v                                No. 118184

CITY OF LANSING,

    Defendant-Appellant,

and

CAPITOL CITY LODGE NO. 141 OF THE FRATERNAL
ORDER OF POLICE LABOR PROGRAM, INC, and
Jane Doe, and John Doe,

    Intervening Defendants.

_____

FEDERATED PUBLICATIONS, INC, doing business as
THE LANSING STATE JOURNAL,

    Plaintiff-Appellee,

v                                No. 118186

CITY OF LANSING,

    Defendant,

and

CAPITOL CITY LODGE NO. 141 OF THE FRATERNAL
ORDER OF POLICE LABOR PROGRAM, INC,
    Intervening Defendant-Appellant.

_____

WEAVER, J. (*concurring*).

I concur in the result of the majority opinion, but write separately to make clear that the inclusion of certain classes of records within those exemptible under MCL 15.243(1)(s) creates no presumption of exemption.

The Legislature has *not* indicated that the mere inclusion of a record within an exemptible class of records is to be accorded weight in favor of nondisclosure where the statute requires a balancing of the public interest in disclosure versus the public interest in nondisclosure. The inclusion of a record within an exemptible class means that the record may be, under certain circumstances, exempt from disclosure. It remains incumbent upon the public body to "sustain its denial" of disclosure of exemptible records. MCL 15.240(4). Thus, I do not agree with the majority suggestion that the "circuit court must consider the fact that the inclusion of a record within an exemptible class under § 243(1)(s) implies some degree of public interest in the nondisclosure . . . ." Slip op at 13.

It is the policy of the Freedom of Information Act to afford the public "full and complete information regarding the affairs of government . . . ." MCL 15.231(2). In light of this express policy, one would assume that the Legislature intended that the balancing of the public interest in disclosure versus its interest in nondisclosure under MCL

2

15.243(1)(s) at least be conducted on level ground. According weight to nondisclosure because of the Legislature's mere inclusion of a class of records among those that are exemptible tips the scale in favor of nondisclosure and is, therefore, inconsistent with a fair balancing of the public interest.