# STATE OF MICHIGAN

# COURT OF APPEALS

DENNIS TOUSIGNANT,

      Plaintiff-Appellant,

v

CITY OF IRON RIVER and IRON RIVER
POLICE DEPARTMENT,

      Defendants-Appellees.

UNPUBLISHED
October 13, 2016

No. 329893
Iron Circuit Court
LC No. 15-005127-NZ

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

      In this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff appeals by right the order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim). We reverse.

      In August 2014, plaintiff requested that defendants disclose certain policies and manuals of the Iron River Police Department. This appeal concerns the following two requests:

      1. Copies of all policy manuals covering the Iron River Police Department for the period of January 1, 2013 through August 19, 2014, setting forth when the manual was adopted by the City of Iron River and/or the Iron River Police Department;

                    \* \* \*

      2. Copies of all disciplinary rules, policies and/or guidelines covering Iron River Police Department and its Officers for the period of January 1, 2013 through August 19, 2014, setting forth when each was adopted by the City of Iron River and/or the Iron River Police Department[.]

In September 2014, after the Iron River City manager elected a 10 day extension to respond to plaintiff's request, the Iron River Police Department's chief of police, Laura Frizzo, denied the above requests on the ground that the documents were "[e]xempt from disclosure under MCL 15.243(13)(1)(v)." Plaintiff brought suit on February 6, 2015, averring that the statutory exemption cited by defendant was inapplicable and requesting that the trial court examine the "claimed exempt records" and "make a ruling on the lawfulness of Defendants' response."

-1-

In May 2015, defendants moved the trial court for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). Defendants acknowledged that MCL 15.243(13)(1)(v) was "an incorrect citation" but added that the police chief "obviously intended to cite to either MCL 15.243(1)(b)(*v*) (law enforcement investigative techniques or procedures) or MCL 15.243(1)(s)(*v*) (law enforcement operational instructions)." Defendants argued that the documents were exempt from disclosure under those statutory provisions.

At the July 2015 motion hearing, the trial court ruled that the incorrect citation was inconsequential and the issue then became whether the records were exempt under the statutory sections identified by defendants. Plaintiff argued that the exemption under MCL 15.243(1)(s) only applies if the public interest in nondisclosure is not outweighed by the public interest in disclosure, purportedly a factual question requiring discovery. The court granted defendants summary disposition under subrule (C)(8) and provided plaintiff 30 days to amend his complaint "to allege that there is some interest in public disclosure that outweighs the nondisclosure . . ."

Plaintiff filed an amended complaint on July 31, 2015. Plaintiff averred that the public has a right to know if there are police rules, policies, or procedures governing a bevy of specific matters and events ranging from the "use of deadly force" to the "enforcement of parking violations." Plaintiff averred that there was "a great public interest in disclosure of the items requested" because "the public needs to be informed on what actions can be expected from the Iron River Police as well as what actions may be undertaken by members of the public within the city of Iron River and how their actions will be responded to by the police."

In August 2015, defendant again moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that the requested records were clearly exempt under either MCL 15.243(1)(b)(*v*), MCL 15.243(1)(s)(*v*), or MCL 15.243(1)(s)(*vi*) and that the amended complaint was deficient because it failed to "identif[y] facts, special or particular circumstances, or context that 'trumps' the general presumption established by the [L]egislature, and as set forth in MCL 15.243(1)(s) establishing these law enforcements documents as exempt."

In September 2015, the trial court heard oral arguments from the parties as to who bears the burden of proof under MCL 15.243(1)(s) balancing test. Defendant argued that the "balance starts in favor nondisclosure," and that plaintiff did not meet his "burden of pleading a public interest which in this particular interest tips the balance from nondisclosure to disclosure." Plaintiff argued that the burden of proving an exemption is "always on" the public body. Eventually, the trial court agreed with defendants that the Legislature intended a "presumption of exemption" regarding records encompassed by § 243(1)(s) and "believe[d] that you have to allege [a] specific interest that outweigh[s] that presumption." The trial court granted summary disposition under subrule (C)(8) and plaintiff declined an opportunity to further amend his complaint.[1] This appeal followed.

---

[1] The court also granted summary disposition as to any records which were produced in a civil action in which plaintiff was counsel. Plaintiff does not appeal that ruling.

We review de novo the "proper application and interpretation" of the FOIA. *Rataj v City of Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014). We review any discretionary determination made by the trial court for an abuse of discretion, which occurs when a court's decision is outside the range of principled outcomes. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 467; 719 NW2d 19 (2006).

The Michigan FOIA, "provides for the disclosure of 'public records' in the possession of a 'public body.' " *Kent Co Deputy Sheriff's Ass'n v Kent Co Sheriff*, 463 Mich 353, 360; 616 NW2d 677 (2000). "A policy of full disclosure underlies the FOIA." *Herald Co, Inc v Ann Arbor Public Schools*, 224 Mich App 266, 271; 568 NW2d 411 (1997). "[O]nce a request under the FOIA has been made, a public body has a duty to provide access to the records sought or to release copies of those records unless the records are exempted from disclosure." *Pennington v Washtenaw Co Sheriff*, 125 Mich App 556, 564; 336 NW2d 828 (1983). "MCL 15.243(1) sets forth certain exemptions available to public bodies to protect certain types of records from disclosure." *Landry v City of Dearborn*, 259 Mich App 416, 419-420; 674 NW2d 697 (2003). Specifically, MCL 15.243(1)(s) provides in relevant part as follows:

> (1) A public body may exempt from disclosure as a public record under this act any of the following:
>
> * * *
>
> (s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:
>
> * * *
>
> (*v*) Disclose operational instructions for law enforcement officers or agents.
>
> (*vi*) Reveal the contents of staff manuals provided for law enforcement officers or agents. [MCL 15.243(1)(s)(*v*)-(*vi*).]

"Courts narrowly construe any claimed exemption and place the burden of proving its applicability on the public body asserting it." *Detroit Free Press, Inc v City of Southfield*, 269 Mich App 275, 281; 713 NW2d 28 (2005).

Our Supreme Court in *Federated Publications, Inc v City of Lansing*, 467 Mich 98; 649 NW2d 383 (2002), modified by *Eastern Mich Univ Bd of Regents*, 475 Mich at 467, 471-472, explained how a court must analyze a claimed exemption under MCL 15.243(1)(s). The Court rejected the argument that once the public body establishes that the requested records are covered by § 243(1)(s) that "the burden of demonstrating that the public interest in disclosure outweighs that of nondisclosure shifts to the requester." *Federated Publications, Inc*, 467 Mich at 108. The Court relied on MCL 15.240(4), which "plainly states that the burden of proof is on the public body to demonstrate why it is entitled to protect a record from disclosure." *Id*. The Court did "not view § 243(1)(s) as allocating the burden of proof in FOIA matters; rather, it merely prescribes a balancing test for determining whether a class of records is exemptible." *Id*. at 109.

Plaintiff first argues that the trial court erred in holding that there is a presumption that records encompassed by MCL 15.243(1)(s)(*v*) and (*vi*) are exempt from disclosure. The trial court's ruling that there is "presumption of exemption" under § 243(1)(s) is not that far afield from the Court's recognition in *Federated Publications* that public records encompassed by § 243(1) are "subject to disclosure only upon a finding that the public interest in disclosure predominates" and that the trial court "should remain cognizant of the special consideration that the Legislature has accorded an exemptible class of records." 467 Mich at 109-110. On the other hand, the *Federated Publications* Court did not use the word presumption and was clear that the "exemption is not automatic" and that the trial court is responsible for performing "the requisite balancing of public interests . . . ." *Id*. at 109-110. For those reasons, plaintiff is correct that the trial court erred in ruling that there is a presumption of exemption under § 243(1), although that error may have been one of form rather than substance.

Plaintiff next argues that the trial court erred "in holding that the burden rests upon the Plaintiff to show that the public interest in disclosure outweighs the public interest in non-disclosure." To the extent that the trial court was suggesting that plaintiff had "the burden of demonstrating that the public interest in disclosure outweighs that of nondisclosure," it plainly erred as the Supreme Court rejected that argument in *Federated Publications*. 467 Mich at 108. Moreover, this Court has read *Federated Publications* as standing for the proposition that "[t]he burden is on the public body to prove that a record is exempt under the FOIA, and that a record is exempt under the public-interest balancing test." *Landry*, 259 Mich App at 420; See also *Detroit Free Press, Inc*, 269 Mich App at 286 ("Under the balancing test of MCL 15.243(1)(s), defendants bear the burden of justifying nondisclosure . . .").

Defendants maintain that the trial court did not err in considering whether plaintiff alleged a specific public interest in disclosure of the records because plaintiff was required to explain how his request "in this particular instance . . . 'trumps' the general presumption established by the Legislature . . . ." The *Federated Publications* Court read "the particular instance" phrase found in § 243(1)(s) as requiring "that public records reviewed under the FOIA balancing test must be organized within reasonably specific categories that enable the circuit court to weigh similar competing aspects of the public interest." 467 Mich at 110. Accordingly, when there is a general or complicated FOIA request, a trial court may "require the assistance of the parties, in particular that of the public body because it has custody of the sought-after records." *Id*. at 111. We also note the following guidance from our Supreme Court's discussion of the "frank communications" exemption[2]:

> First, we must be cognizant of the competing interests at stake *in the particular instance*. Rather than speak in platitudes and generalities, the parties and the courts must consider how the unique circumstances of the "particular instance" affect the public interest in disclosure versus the public interest in encouraging

---

[2] That exemption "does not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between officials and employees of public bodies clearly outweighs the public interest in disclosure." MCL 15.243(1)(m)

frank communication. . . . [*Eastern Mich Univ Bd of Regents*, 475 Mich at 474 (emphasis in original; footnote omitted).]

Considering that precedent and the public body's burden to prove an exemption applies, we disagree with defendants that plaintiff is required to allege a specific public interest in disclosure or explain how the competing public interests are affected by the particular request. That said, *Federated Publications*, 467 Mich at 111, and *Eastern Mich Univ Bd of Regents*, 475 Mich at 474, both contemplate that the parties will aid the trial court's balancing of the competing interests. And, although public bodies must prove that the § 243(1)(s) exemption applies, that task is seemingly made much easier when the plaintiff relies on "platitudes and generalities" in support of his or her request. *Eastern Mich Univ Bd of Regents*, 475 Mich at 474. In other words, while a plaintiff may not be required to explain the public's specific interest in disclosure of particular records, it would be wise and advantageous for a plaintiff to do so.

Finally, we agree with plaintiff that trial court erred in granting defendants summary disposition without conducting "the requisite balancing of public interests . . . ." *Federated Publications, Inc*, 467 Mich at 110. As discussed, the trial court granted summary disposition under MCR 2.116(C)(8) on a faulty legal conclusion. Based on the record, defendants' contention that the trial court balanced the competing public interests must be read as an assertion that the trial court performed a de facto balancing test or that the test is unnecessary in this case. In any event, we disagree with defendants that the trial court performed its required duty under § 243(1)(s).

Although defendants make much ado about plaintiff's lack of specificity regarding the public's interest in disclosure, we note that plaintiff identified multiple examples of police procedures and rules sought by his records requests. Surely the competing public interests for these matters will differ and will require "further 'particular instance' categorization," *Federated Publications, Inc*, 467 Mich at 110, and balancing. Although it may be a tedious proposition to defendants and the trial court, we see no other possible result given our review of binding precedent. We note that the trial court "should direct the public body to assist it in reasonably categorizing the sought-after records" when a diverse FOIA request is made, *Federated Publications, Inc*, 467 Mich at 112, and that a public body has a duty to separate exempt from nonexempt material. MCL 15.244. On remand, we direct the trial court to exercise its discretion to conduct an in camera review of the requested records pursuant to MCL 15.240(4).

To be clear, we do not hold that the requested records are not exemptible. We only affirm that a public body must carry its burden in proving a FOIA exemption, including justification of nondisclosure under the § 243(1)(s) balancing test and that the trial court must perform the required balancing test when the § 243(1)(s) exemption is claimed.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause