*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATE FIELDS,

      Plaintiff-Appellee,

v

FLINT CITY COUNCIL,

      Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No. 359661
Genesee Circuit Court
LC No. 21-116334-AW

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Members of defendant Flint City Council passed a resolution barring plaintiff Kate Fields, then-president of the City Council, from speaking at council meetings for 30 days. The trial court enjoined the resolution, concluding that it violated the Open Meetings Act (OMA), MCL 15.261 *et seq.* The injunction expired on October 28, 2021, and Fields no longer serves on the City Council. The parties acknowledge that a decision by this Court would have no practical legal effect on the injunction, but they urge us not to dismiss the case as moot because the issue presented is likely to recur yet evade judicial review and because a decision is necessary for future guidance. We disagree, and therefore we dismiss the case as moot.

## I. FACTUAL BACKGROUND

At a September 28, 2021 virtual meeting of the Flint City Council, the City Council passed a resolution to silence then-president Fields from speaking at meetings for 30 days. Fields retained the ability to attend meetings and vote.[1] On October 15, 2021, Fields filed a complaint for an expedited injunction under the OMA. Fields alleged that the resolution to silence her violated

---

[1] There appears to be no written copy of the resolution but a recording of the City Council meeting is available here: https://www.youtube.com/watch?v=xI6y0LVpiac. Discussion on the motion begins at 2:15:00. At the 3:12:00 mark, an individual clarifies that the motion was to "censure the president for 30 days," and "what that means is silencing her voice, she can vote but she can't speak."

multiple provisions of the OMA. Fields argued that the resolution infringed on her right to be heard by other councilmembers and members of the public and amounted to an unlawful exclusion from a public meeting.

The trial court temporarily enjoined the resolution until the court could hear the matter on an expedited basis. The court held a hearing on October 25, 2021, to decide whether to extend the injunction for the one remaining meeting scheduled before October 28, 2021. Following arguments from both parties, the trial court continued the injunction, concluding that the City Council resolution infringed on Field's right to be heard under the OMA.[2] In the trial court's view, allowing Fields to vote was insufficient to allow her to be heard. The court entered an order extending the injunction through October 28, 2021. After the injunction dissolved, Fields's term of office expired on November 8, 2021, and she no longer serves on City Council. City Council now appeals.

## II. MOOTNESS

It is undisputed that the issue presented has been rendered moot by the expiration of the injunction. Yet the parties argue that we should decide the issue because an exception to the mootness doctrine applies.

The applicability of mootness presents a question of law which we review de novo. *TM v MZ*, 501 Mich 312, 315; 916 NW2d 473 (2018). De novo review means that we "review the legal issue independently" and without deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). We address the mootness issue first because it is a "threshold issue that a court addresses before it reaches the substantive issues of the case itself." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010).

"An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Attorney General v Public Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005). Because this Court's principal duty is to decide actual cases and controversies, "this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before us unless the issue is one of public significance that is likely to recur, yet evade judicial review." *Federated Publications, Inc v Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), abrogated on other grounds by *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 467; 719 NW2d 19 (2006). City Council argues that this issue is "capable of repetition, yet evading review," the standard the United States Supreme Court uses when deciding whether to review cases that might otherwise be moot. See *Weinstein v Bradford*, 423 US 147, 148-149; 96 S Ct 347; 46 L Ed 2d 350 (1975). A case falls into this category when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and

---

[2] MCL 15.263a(2), the relevant statutory provision, provides that an electronically held meeting of a public body "must be conducted in a manner that permits 2-way communication so that *members of the public body can hear and be heard by other members of the public body, and so that public participants can hear members of the public body and can be heard by members of the public body* and other participants during a public comment period." (Emphasis added.)

(2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Id*. at 149.

The City Council and Fields each contend that this issue remains justiciable and urge us to resolve the disputed interpretation of the OMA. We decline to do so because we are unpersuaded that the issue appealed is likely to recur.

Fields is no longer a member of the City Council, and nothing in the record suggests that she plans to run for a seat on the City Council again. The City Council argues that Fields is *capable* of running again, but a speculative assertion that Fields could run—without any evidence to support it—does not satisfy the "likely to recur" prong. See *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 582 n 26; 957 NW2d 731 (2020) (noting that a moot constitutional challenge to petition drive procedures was not likely to recur because the plaintiff "has not asserted to this Court that it intends to resume the petition drive later, nor is there any record evidence suggesting it will"). This unsupported claim of future candidacy also does not create a "reasonable expectation" that Fields will face this same action again.[3] Therefore, this issue is not likely to recur between the same complaining parties.

The City Council also suggests that the alleged harm is likely to recur because it is probable that the City Council will have to punish another one of its members under its own rules again. First, we do not dispute the possibility that City Council may have to punish one of its members for future misconduct. But our mootness inquiry focuses on the challenged action—a resolution barring a councilmember from speaking—not any unknown punishment that the City Council may see fit in the future. To the best of our knowledge, a censure silencing a councilmember is a first-of-its-kind issue in Michigan. The novelty alone bolsters our belief that the issue is not likely to recur.[4] Second, the parties broadly assert that the issue is one of public importance because it

---

[3] The absence of evidence showing an intent to run for office is particularly relevant to our mootness analysis. In *Paquin v St Ignace*, 504 Mich 124, 130-131; 934 NW2d 650 (2019), our Supreme Court confronted a challenge to a state constitutional provision barring individuals convicted of certain felonies within the preceding 20 years from serving in local government. The plaintiff, who had a 2010 felony conviction, attempted to run for city council in the November 2015 election, but a local official denied his request to be placed on the ballot. *Id*. at 127-128. After years of litigation, the Supreme Court in 2019 decided the matter and declined to declare the issue moot. *Id*. at 131 n 4. The Court reasoned that "though the disputed election had already occurred, the defendant was barred from public office for 20 years after his 2010 felony conviction, and he said he planned to run for office in the future." *League of Women Voters*, 506 Mich at 583 n 27, citing *Paquin*, 504 Mich at 131 n 4.

[4] The City Council references *Mays v Fields*, opinion of the United States District Court for the Eastern District of Michigan, issued March 5, 2021 (Case No. 20-CV-12504), pp 1-3, another case involving disputes between members of Flint City Council. There, Councilmember Eric Mays and a few of his constituents sued Fields and other councilmembers after Mays was removed or excluded from city council meetings at least four times, including being muted on Zoom at one meeting, for being disruptive and argumentative. *Id*. The federal district court dismissed the

applies to every level of government across Michigan. But the fact that an issue raises a potentially unique question of public significance is not enough on its own to overcome the longstanding judicial doctrine against deciding moot cases.[5]

Therefore, we dismiss the appeal as moot.[6]

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

plaintiffs' federal claims as barred by legislative immunity. *Id*. at 5-6. To the extent that the City Council cites this case to show that the type of issue challenged here is likely to recur, we disagree. *Mays* did not involve a resolution silencing a councilmember for a prescribed future time period, and the plaintiffs in the case did not raise any claims under the OMA.

[5] Fields cites *Mead v Batchlor*, 435 Mich 480, 487-488; 460 NW2d 493 (1990), abrogated on other grounds by *Turner v Rogers*, 564 US 431; 131 S Ct 2507; 180 L Ed 2d 452 (2011), for the existence of a "public-interest exception to the mootness doctrine." There, our Supreme Court approvingly quoting a legal encyclopedia stating that a "court will decide a moot case or determine a moot question where this appears to be in the public interest, as for guidance in future cases." *Mead*, 435 Mich at 487 (quotation marks and citation omitted). At most, this statement was nonbinding dictum because it was unnecessary to the resolution of the case. See *Pew v Mich State Univ*, 307 Mich App 328, 334; 859 NW2d 246 (2014). The *Mead* Court noted that the defendant's challenge to his sentence was likely not moot because of still-existing collateral consequences. *Mead*, 435 Mich at 486-487. Even so, we would not conclude that resolution of this case on the merits is necessary for the public interest or for guidance in future cases, where future cases of the same type are likely exceedingly rare.

[6] Because this case is moot, we offer no opinion on the parties' arguments about the proper interpretation of the OMA and the applicability of legislative immunity.