*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

SECRETARY OF STATE,

        Defendant-Appellee.

UNPUBLISHED
April 11, 2025
9:23 AM

No. 371928
Court of Claims
LC No. 24-000095-MB

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiff, Robert Davis, appeals as of right the Court of Claims' opinion and order granting summary disposition in favor of defendant, the Secretary of State, under MCR 2.116(C)(8) and MCR 2.116(C)(10). Plaintiff sought to keep two incumbent Wayne County judges off the November 2024 general election ballot, contending that each judge made false statements in her affidavit of identity (AOI) or failed to submit two copies of the AOI. Because the election has passed and plaintiff failed to request an expedited appeal, plaintiff's challenges are moot and no exception to mootness applies. We therefore dismiss this appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 1, 2024, plaintiff filed his complaint, seeking to prevent defendant from certifying two incumbent Wayne County judges, Dana Hathaway and Kathleen McCarthy, for the November 2024 general election ballot. Specifically, he alleged that each judge made false statements in her affidavit of identity (AOI) or failed to submit two copies of the AOI. Plaintiff claimed that Judge Hathaway was required by MCL 168.558 and Mich Admin R 168.2(2) to delineate on her AOI all counties in which she previously ran for election or nomination. Although she previously ran in Oakland and Wayne counties, Judge Hathaway wrote "State" on her AOI. Plaintiff contended that "State" was not a county, and the failure to delineate the pertinent counties constituted a false statement on the AOI that violated MCL 168.558(2), thereby disqualifying Judge Hathaway from the ballot. Plaintiff recognized that R 168.2(2) stated that a failure to disclose the pertinent jurisdiction did not constitute a ground to disqualify a candidate from appearing on the general election ballot. Nonetheless, plaintiff argued that this statutory disclosure

-1-

requirement had the force and effect of law, and the pertinent portion of R 168.2(2) eliminating disqualification as a remedy for such a violation was void and unenforceable. Plaintiff sought Judge Hathaway's disqualification from the ballot because of her purported false statement in writing "State" on her AOI, a violation of MCL 168.558(2).[1] Plaintiff also alleged that, because defendant had not provided him with evidence that Judges Hathaway or McCarthy filed two copies of their AOIs, as required by MCL 168.558(1), they must be disqualified from the ballot for failing to comply with the two-copy requirement.

Defendant moved for summary disposition of plaintiff's complaint, challenging plaintiff's interpretation of the pertinent statutes and administrative rules. Plaintiff sought to compel production of documents broadly addressing the judges' communications regarding their AOIs. The Court of Claims denied plaintiff's request for production of documents. Instead, the Court of Claims granted plaintiff's emergency motion for an evidentiary hearing limited to allowing testimony from defendant's employees and the judges addressing the filed AOIs. Defendant's employees had no specific recollection of processing the judges' AOIs and the number of copies filed by either judge. The judges testified that they filed two copies of their AOIs. The Court of Claims found no question of fact that the judges filed two copies of their AOIs, and it held that the statute did not require candidates to disclose counties in which they previously ran for election or nomination. It therefore granted summary disposition in favor of defendant.

Plaintiff filed his claim of appeal on August 2, 2024, the day after the Court of Claims granted summary disposition. Because the 2024 general election was held on November 5, 2024, the deadline for defendant to certify candidates was September 6, 2024. MCL 168.648. Plaintiff filed a transcript and a docketing statement with this Court. Although he filed his claim of appeal promptly, he thereafter otherwise neglected the appeal. On October 28, 2024, this Court's Clerk's Office notified plaintiff that his appellant brief was overdue. The notification warned plaintiff that he had 21 days to file his brief to avoid a fine and possible involuntary dismissal. The 2024 general election took place on November 5, 2024. Exactly 21 days after this Court's clerk notified plaintiff that his brief was overdue, and 13 days after the election took place, plaintiff filed his appeal brief.

## II. MOOTNESS

Because the 2024 general election has passed, this appeal is moot. Although a court may address a moot issue under some circumstances, doing so is unwarranted in this case because of plaintiff's lack of diligence in prosecuting this appeal.

Mootness presents a jurisdictional matter that appellate and trial courts must address when the issue arises. *Equity Funding, Inc v Village of Milford*, 342 Mich App 342, 349; 994 NW2d 859 (2022). The primary duty of Michigan courts is to decide actual cases and controversies. *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), abrogated on other grounds by *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463; 719 NW2d 19 (2006). Consequently, the courts generally may not decide issues that are moot "or declare principles or rules of law that have no practical legal effect in the case before us unless the issue is one of public significance that is likely to recur, yet evade judicial review." *Id*. (citations

---

[1] On appeal, plaintiff does not challenge the contents of Judge McCarthy's AOI.

omitted). When a plaintiff challenges the candidates to be placed on the ballot for an election—indisputably a historical event—for which the date has now passed, it is presumed that the challenge is moot. *Davis v Secretary of State*, 346 Mich App 445, 460; 12 NW3d 653 (2023). "But legal questions affecting election ballots, such as AOI requirements, are the classic example of issues that the courts will nevertheless review because they are matters of public significance that are likely to recur yet evade judicial review." *Id*. at 460-461. However, if an election-related "issue that could have been fully and finally litigated through all appellate levels in a timely manner" ultimately failed to obtain judicial review because of the voluntary conduct of a plaintiff, the issue will not satisfy the final prong of the mootness exception. See *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 582 n 26; 957 NW2d 731 (2020).

Plaintiff does not appear to dispute that, because the 2024 general election occurred, no court can grant him any practical relief. He acknowledges the general proposition that matters relating to election ballots are typically considered the type of issue that appellate courts will review even though it is no longer possible to grant the parties any practical relief. However, the "likely to recur, yet evade judicial review" exception to the prohibition against addressing moot issues does not apply if the issue evaded review because of the party's own dilatory conduct.

In this case, when plaintiff filed his claim of appeal, there remained more than a month to litigate this matter to finality before defendant's deadline for certifying candidates. Instead of seeking expedited review, MCL 600.321(1)(c), or immediate consideration, MCR 7.211(C)(6), plaintiff essentially neglected the case for three months.[2] He did not file a brief until this Court warned him that it was overdue, and he filed it almost two weeks after the election took place.

---

[2] Plaintiff has experience with filing for expedited review and immediate consideration. For example, in *Davis v Secretary of State*, unpublished per curiam opinion of the Court of Appeals, issued August 23, 2024 (Docket No. 372008), our plaintiff sought to prevent defendant's certifications of candidates for seats on the 36th District Court. Although the claim of appeal was filed on August 8, 2024, plaintiff moved for immediate consideration and an expedited appeal. This Court granted the request to expedite the matter and issued an opinion in 15 days.

Plaintiff's inaction ensured that this matter was not timely reviewed. This Court cannot craft any practical relief in this matter, and, because it could have done so but for plaintiff's delays, we decline to consider plaintiff's moot issues.[3]

Dismissed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

---

[3] Although we decline to address the legal questions raised in this appeal, we note that plaintiff did not present factual scenarios entitling him to appellate relief. At the time Judge Hathaway prepared her AOI, the form template sought information regarding the prior counties in which she ran for office that required filing of reports in accord with the Michigan Campaign Finance Act, MCL 169.201 *et seq*. Although the form requested "counties," the filing instructions advised that "state" was an acceptable answer to signify the filing of campaign finance reports with defendant as opposed to local officials. Thus, plaintiff's contention that "State" constitutes a false statement warranting disqualification is not supported by the record. Moreover, the unambiguous, plain language of MCL 168.558, as written, demonstrates that the AOI is designed to provide information to satisfy defendant's officer regarding the candidate's identity, MCL 168.558(2), and compliance with the campaign finance act, MCL 168.558(4). See *Sunrise Resort Ass'n v Cheybogan Co Rd Comm*, 511 Mich 325, 333-334; 999 NW2d 423 (2023). There was no indication that the manner in which the two judges prepared their AOIs hindered officials from learning their identity and their compliance with campaign finance requirements.

Although plaintiff also disputed whether the judges presented two copies of their AOIs, MCL 168.558(1), both judges testified that they complied with this requirement. On appeal, plaintiff alleges that summary disposition was inappropriate because the issue of their compliance presented a credibility issue. Because plaintiff sought the judges' removal from the November 2024 general election ballot, the Court of Claims granted plaintiff's emergency motion for an evidentiary hearing. It promptly conducted the hearing to address the content of the AOIs submitted, the compliance with MCL 168.558 and R 168.2, and the number of copies submitted. Although defendant's employees had no independent recollection of the number of copies submitted, the judges testified that two copies were filed. The Court of Claims found there was no genuine issue of material fact in light of the judges' testimony and plaintiff's failure to controvert it. The Court of Claims did not accept the arguments raised in the briefs or documentary evidence but assessed the credibility of the witnesses that appeared before it. In effect, the Court of Claims grant of *plaintiff's* request for an emergency evidentiary hearing constituted an immediate trial to resolve disputed factual issues, see MCR 2.116(I)(3), upon which plaintiff will not be heard to complain.